UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X  **Civil Action No.:**
STATE FARM AUTOMOBILE INSURANCE
COMPANY a/s/o ELI J. SITT,

                      Plaintiff,

   -against-                                  **VERIFIED**
                                                     **COMPLAINT**

UNITED STATES OF AMERICA,

                      Defendant.
------------------------------------------------------------X

Plaintiffs, STATE FARM AUTOMOBILE INSURANCE COMPANY a/s/o ELI J. SITT, by their attorneys, LAW OFFICES OF STUART D. MARKOWITZ, P.C., as and for their Complaint, alleges the following upon information and belief:

## PARTIES

1. That at all times hereinafter mentioned, plaintiff STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter referred to as "STATE FARM"), is a foreign corporation, with a principal place of business in Illinois.

2. That at all times hereinafter mentioned, plaintiff STATE FARM, was and still is an insurance company duly authorized to transact the business of issuing automobile insurance policies in the State of New York.

3. That at all times hereinafter mentioned, STATE FARM'S Subrogor ELI J. SITT, (hereinafter referred to as "Subrogor"), was and still is a resident of the State of New York.

4. Upon information and belief, at all times hereinafter mentioned, the UNITED STATES POSTAL SERVICE was and is a duly constituted department of defendant THE UNITED STATES OF AMERICA (hereinafter referred to as "USA").

5. That upon information and belief, at all times hereinafter mentioned, JEAN E. PIERRE (hereinafter referred to as "PIERRE"), was and is a resident of the State of New York and was at all relevant time hereinafter mentioned, an agent, servant and/or employee of defendant, UNITED

1

STATES OF AMERICA.

## JURISDICTION

6. Jurisdiction of this Court is founded upon 28 U.S.C.1346(b) and 28 U.S.C. §2671-2680 as defendant USA is being sued herein for actions committed by persons acting on behalf of the United States.

## VENUE

7. Venue is proper in this District pursuant to 28 U.S.C.1391(a)(2), since a substantial number of the events or omissions giving rise to the claims herein occurred within this District or were committed here and the property that is the subject of the action is situated within this District.

## FACTS

8. That upon information and belief, at all times hereinafter mentioned, defendant USA was and is a duly constituted department of the United States Government.

9. That upon information and belief, at all times hereinafter mentioned, defendant USA was the registered owner of a Kenilworth Box Truck bearing New York license plate 6530145.

10. That upon information and belief, at all times hereinafter mentioned, PIERRE was the driver/operator of the Kenilworth Box Truck bearing New York license plate 6530145, owned by and registered to defendant USA.

11. Prior to April 25, 2017, in the course of plaintiff's business, plaintiff STATE FARM issued an automobile insurance policy to Subrogor, insuring Subrogor's vehicle, a 2015 Infinity, bearing New York license plate GNH1808.

## AS AND FOR A FIRST CAUSE OF ACTION

12. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs of this Verified Complaint numbered, "1" through "11" inclusive, with the same force and effect as though fully set forth herein at length.

13. That on or about July 2, 2016, the 2010 Motor, which was being operated by PIERRE and which was owned by and registered to defendant USA, struck the 2015 Infiniti, bearing New

York license plate GNH1808, which was owned and operated by plaintiff's Subrogor.

14. That the motor vehicle owned by and registered to defendant USA was at the time of the aforementioned automobile accident, being operated and driven by PIERRE, with the full knowledge, consent, permission, and authority of defendant USA.

15. That defendant USA knew or should have known that PIERRE would operate said motor vehicle in a reckless, careless, negligent, and dangerous manner.

16. That on or about April 25, 2017, defendant PIERRE operated his vehicle in a careless, reckless and negligent manner in that he sideswiped Subrogor's vehicle on the driver's side fender. A copy of the New York State Police Report is attached hereto as Exhibit A.

17. That the aforementioned incident on April 25, 2017, was caused solely by the carelessness, recklessness and negligence of PIERRE and defendant USA in the operation, use, and control of said automobile.

18. That the aforesaid damages were caused without any negligence on the part of Subrogor contributing thereto.

19. That plaintiff reserves the right to plead Res Ipsa Loquitur at the time of trial.

20. That solely as a result of the foregoing, plaintiff STATE FARM, pursuant to the provisions of its insurance policy, paid to Subrogor the sum of $3,546.64, all resulting from the negligence of PIERRE and defendant USA.

21. That by virtue of said payments, and in accordance with the provision contained in its insurance policy, plaintiff STATE FARM became subrogated to all the rights of Subrogor to recover against PIERRE and defendant USA, for any and all sums of money paid under said policy.

22. Prior to the institution of this action, this claim was presented to UNITED STATES POSTAL SERVICE for its review, through the use of an executed Standard Form 95. A copy of said Standard Form 95 is attached hereto as Exhibit B.

23. Within six months prior to the institution of this claim, the UNITED STATES POSTAL SERVICE denied Plaintiff's claim. A copy of this denial letter is attached hereto as Exhibit C.

24. No part of State Farm's claim has been paid, despite due demand therefor.

25. That as a result of the foregoing, plaintiff STATE FARM has been damaged in the sum of $3,546.64, no part of which has been paid, despite due demand therefor.

WHEREFORE, plaintiff STATE FARM AUTOMOBILE INSURANCE COMPANY a/s/o ELI J. SITT, demands judgment in its favor and against defendant, UNITED STATES OF AMERICA, in the amount of $3,546.64, together with interest thereon from April 25, 2017, including the costs and disbursements of this action.

Dated: Jericho, New York
      January 2, 2018

    Yours etc.,
    LAW OFFICES OF STUART D. MARKOWITZ, P.C.

    _____
    STUART D. MARKOWITZ, ESQ. (6817)
    Attorneys for Plaintiff
    575 Jericho Tpke., Suite 210
    Jericho, New York 11753
    (516) 935-3500
    e-mail: Smarkowitz@markowitz-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY A/S/O ELI J. SITT,

          Plaintiff,

-against-

THE UNITED STATES OF AMERICA,

          Defendant.
-------------------------------------------------------------------------X

Index No.:

**ATTORNEY VERIFICATION**

  STUART D. MARKOWITZ, ESQ., being an attorney duly admitted to practice before the Courts of the State of New York and fully aware of the penalties for perjury, hereby affirms as follows:

  1. Affirmant is the attorney for Plaintiff STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY A/S/O ELI J. SITT, in the within action.

  2. Affirmant is fully familiar with the facts and circumstances involved in this matter from reviewing the file regarding the same maintained in our office.

  3. Affirmant has read the foregoing Verified Complaint and knows the contents thereof and the same are true to affirmant's own knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

  4. That affirmant's belief as to those matters therein not stated upon knowledge are based upon the correspondence, reports, statements, records and communications had with the plaintiff with regards to this action and which information is contained in the file maintained in our office.

  5. That the reason I make this affirmation instead of plaintiff's subrogor is because this is a subrogation action and plaintiff is a foreign corporation.

  6. I affirm that the foregoing statements are true under the penalties of perjury.

Dated: Jericho, New York
   January 2, 2018

                   STUART D. MARKOWITZ